924 W. End Ave., Inc. v Kaplan
2026 NY Slip Op 50923(U)
June 15, 2026
Appellate Term, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Landlord and Tenant—Summary Proceedings-Holdover Tenants- Chronic Defaults in Cooperative Maintenance Payments

924 West End Avenue, Inc., Petitioner-Landlord-Appellant,
v
Bevin Johanna Kaplan and Daniel Ross Reifer, Respondents-Tenants-Respondents.

Supreme Court, Appellate Term, First Department
Decided on June 15, 2026
570281/26
Present: Tisch, J.P., Perez, Alpert, JJ.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Adam R. Meyers, J.), dated October 9, 2025, which granted tenants' motion to dismiss the holdover petition pursuant to CPLR 3211 (a)(1) and (7), and denied landlord's cross-motion for summary judgment.
[*1]
Per Curiam.
Order (Adam R. Meyers, J.), dated October 9, 2025, modified, tenants' motion to dismiss denied and the petition reinstated; as modified, order affirmed, with $10 costs.
This holdover proceeding, premised upon tenants' chronic defaults in making cooperative maintenance payments, should not have been dismissed upon tenants' motion pursuant to CPLR 3211 (a)(1) and (7). Construing the petition liberally and drawing all reasonable inferences in favor of landlord (see Leon v Martinez, 84 NY2d 83, 87—88 [1994]), the factual allegations concerning tenants' chronic failure to timely pay cooperative maintenance sufficiently stated a cognizable possessory claim. The number of nonpayment proceedings commenced is relevant only in the context of the entire circumstances surrounding the alleged withholding of rent/maintenance (see Greene v Stone, 160 AD2d 367, 368 [1990]).
Here, the circumstances underlying the three rent demands and two nonpayment proceedings commenced within a two-year period show a chronic and repeated failure to pay maintenance, without excuse, until landlord took legal action, which, although resulting in tenants' payment, was temporary, since the pattern of default would immediately begin again. These factual allegations were sufficient to withstand the tenants' preanswer dismissal motion (see Greene v Stone, 160 AD2d at 368; Ludor Props., LLC v Brooks, 33 Misc 3d 139[A], 2011 NY Slip Op 52125[U] [App Term, 1st Dept 2011]; see also Definitions Personal Fitness, Inc. v 133 E. 58th St. LLC., 107 AD3d 617 [2013]).
Landlord's request for summary judgment is premature since issue was not joined (see CPLR 3212 [b]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 15, 2026